MONTGOMERY.v. McDERMOTT et al.

(Circuit Court, S. D. New York. November 30, 1897.)

DEATH OF DEFENDANT PENDING ATTACHMENT PROCEEDINGS—PLAINTIFF'S EQUITABLE REMEDY.

A bill alleging, in substance, the issue and levy of an attachment in an action brought to recover a large indebtedness due, the death of the defendant pending the action, and the refusal of his foreign executors to revive it, a fund in control of the court, arising from the property attached, and a conspiracy on the part of defendants to defraud the orator by removing such fund beyond his reach, states sufficient grounds for equitable relief.

W. W. MacFarland and Stephen H. Olin, for complainant.
Charles C. Beaman and Gherardi Davis, for defendants.

COXE, District Judge. This is an equity action in aid of a suit at law in which the orator is plaintiff and one James McHenry, deceased, was defendant. A warrant of attachment was duly issued in the suit at law and was levied upon the property of McHenry; the fund so attached being now, through the possession of the marshal, in the custody of this court. The orator has no remedy in the suit at law, for the reason that McHenry died in 1891 and his foreign executors have not revived and decline to revive the suit, and also because the property is claimed by various parties named as defendants, several of whom have combined together to procure the removal of the fund beyond the jurisdiction of this

court and there divide it among favored creditors to the injury of the orator. A portion of the property which is alleged to be covered by the attachment was sold with the consent of the orator who relinquished his lien upon the express understanding that the proceeds of the sales should be held by the trustees of the McHenry trust, in lieu of the property sold, until his rights therein were fixed and determined. In violation of this agreement the said trustees in collusion with other defendants are seeking to dispose of the fund so realized with intent to hinder and delay the orator in the collection of his debt.

The foregoing are some of the salient facts alleged in the bill. The relief demanded includes a decree directing the defendant trustees to pay into the registry of the court the fund held by them which is subject to the attachment and also an injunction restraining the defendants from interfering with the attached property. The bill is demurred to on the grounds that the orator is not entitled to the relief prayed for or to any relief, that the bill is indefinite, uncertain and multifarious, that there is a defect of parties defendant and that the orator has been guilty of laches. In brief, the bill alleges a large indebtedness due from McHenry's estate to the orator, an attachment issued and levied in a suit at law brought to recover this debt, a fund in the control of this court applicable to the payment thereof, inability to obtain relief at law, and a conspiracy on the part of the defendants to defraud the orator by removing beyond his reach the fund which should, pro tanto, satisfy his debt.

Assuming, as the court must assume, the verity of these allegations, it seems reasonably clear that unless the orator can maintain this bill he will lose his debt. No other remedy is open to him. His action at law, though alive, is paralyzed and moribund. He must obtain relief here or nowhere. It is thought that the bill can be sustained upon the authority of Case v. Beauregard, 101 U. S. 688, Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548, and People v. Van Buren, 136 N. Y. 252, 32 N. E. 775, and cases cited.

In the Van Buren Case, supra, the court say:

"It would seem to be illogical to accord to the plaintiff the right to attach property fraudulently transferred, as he concededly may under the decisions in Hall v. Stryker, 27 N. Y. 596, and the other cases cited above, and yet deny him the right to have the lien preserved until he can merge his claim in a judgment and issue final process for its collection. No adequate remedy at law can be suggested in such a case. The jurisdiction of a court of equity to reach the property of a debtor justly applicable to the payment of his debts, even when there is no specific lien, is undoubted."

To turn a suitor out of court who presents such a statement of the difficulties which beset him as is found in this bill would seem contrary to the principles of equity which delights in finding a remedy for every wrong.

The point that no levy was made upon any property of McHenry and therefore that there is no attachment or lien to be protected and maintained is met by the allegations of the bill to the contrary, at folios 10, 11, 20 and 21.

The bill further alleges that the transfers of the certificates by McHenry to Moran and Woodman were merely for the convenience

83 F.—37

of McHenry, the transferees holding them as his agents and employés without the actual possession and control thereof. Their title, says the bill, was only nominal, the real interest being held by McHenry. Bank v. Dakin, 51 N. Y. 519, Rinchey v. Stryker, 28 N. Y. 45, and Hall v. Stryker, supra, are authorities for the proposition that an attachment may reach property which the debtor has disposed of in fraud by his creditors.

The bill attempts to excuse the laches in bringing this action and succeeds in doing so sufficiently, at least, to prevent the delay from being available on demurrer.

The other grounds of demurrer are special and do not go to the merits of the controversy, but relate to alleged defects of parties and insufficient allegations of the bill. It is unnecessary to discuss these questions at this stage of the litigation. The court is now under the impression that the entire controversy can be determined upon the bill as it is now exhibited. Should it become necessary it can be amended hereafter, and, should the orator succeed, the decree can be so framed as to preserve the rights of all. Upon the whole case it is thought that the court should not attempt to deal with the complicated situation foreshadowed by the bill upon demurrer, but should postpone its consideration until the parties have had an opportunity to present their proofs. The demurrers are overruled; the defendants to answer within 30 days.