## Corcoran *v.* Chesapeake and Ohio Canal Company.

1. The Court of Appeals of Maryland, in a suit whereto the parties to this bill were parties, rendered a decision adverse to the right of the holder of coupons attached to the preferred bonds issued by the Chesapeake and Ohio Canal Company, under an act of that State of March 10, 1845, entitled "An Act to provide for the completion of the Chesapeake and Ohio Canal to Cumberland, and for other purposes," to receive, out of the net revenues and tolls of the company, interest on such coupons from the time they respectively mature. In conformity with that decision, the Circuit Court of Baltimore City subsequently entered in the same suit a decree distributing those revenues and tolls, and ordering payment of the coupons from time to time as the same should accrue. *Held*, that the parties to this suit are bound by that decree.

2. The fact that one of the parties then appeared as a trustee for the bondholders does not render the decree less conclusive in a suit where his individual rights in the same subject-matter are involved. If he, at that time, owned any such bonds or coupons, he is bound, because he was representing himself. If he bought them since, he is bound as privy to the person who was represented.

3. In chancery suits, adverse rights as between co-defendants may be determined; and a party who had a hearing and an opportunity to assert his rights will be bound by the decree, so far as it affects them.

Appeal from the Supreme Court of the District of Columbia. The case is stated in the opinion of the court.

*Mr. J. D. McPherson, Mr. Conway Robinson,* and *Mr. Joseph Bryan,* for the appellant.

*Mr. John P. Poe* and *Mr. Bernard Carter,* for the appellee

Mr. Justice Miller delivered the opinion of the court.

The Chesapeake and Ohio Canal Company, from the date of its organization in 1824–25, issued several series of bonds, secured by as many mortgages on its property. The largest of these mortgages was the earliest, and was given to the State of Maryland for several millions of dollars; another was made to the State of Virginia; both of which States contributed largely, by the use of their credit, to the construction of this important work. In the last stages of the struggle to extend the canal to Cumberland, where it reached the coal-beds, which alone have made it of any value, the company issued another series of bonds to the amount of $1,700,000, for the payment of which it

pledged, by way of mortgage, the revenues and tolls of the canal, after deducting the necessary costs of running the canal and its repairs, and perhaps some other defined outlays.

In this mortgage, Corcoran, the complainant and appellant in the present suit, was one of several trustees for the benefit of the bondholders. He also became, and according to the statements of the present bill is now, a larger holder of these bonds, or of the coupons for interest on them.

The purpose of this bill, which was filed by him on behalf of himself and all others in like condition as holders of this class of bonds, is to enforce the payment of the coupons of interest due and unpaid for many years past.

The defendants to the bill are the Chesapeake and Ohio Canal Company, the State of Maryland, and the remaining trustees of the mortgage bonds on which the suit is founded. They have all answered, except the State of Maryland.

The answer of the trustees is unimportant. The canal company admit the indebtedness and the failure to pay, but deny that, under the reservations of the mortgage of the tolls and revenues in plaintiff's mortgage, there is now or has been in their hands any part of the said revenues which they could lawfully appropriate to the payment of said coupons, except so far as they have already done so. After several amendments of the pleadings and stipulations as to facts, the issue was finally narrowed to two questions; namely, the jurisdiction of the Supreme Court of the District, and the right of the holders of the interest coupons to exact out of the net revenues of the company payment of interest on those coupons from the respective dates when they fell due.

The first of these questions is raised by the proposition of the defendants, the canal company, that the State of Maryland is a necessary party to this suit; and, as she has not voluntarily appeared, and cannot be made amenable to any process to compel an appearance, the bill must be dismissed on that ground.

In the view which this court takes of the other question, and as the court has jurisdiction as to the canal company, it is unnecessary to consider or decide this one.

In reference to the question of interest upon the interest coupons, the canal company, in its answer to complainant's bill,

alleges that, in a suit brought by the State of Virginia in the Circuit Court of Baltimore City, to which suit the present complainant and his co-trustees, the State of Maryland, the canal company and others, representing all the various classes of bondholders, were parties, " the issue raised in this case, that the coupons upon said preferred bonds are entitled to bear interest from their maturity, which is to be allowed payment out of the revenues of this respondent in preference to the claims of the State of Maryland, was distinctly presented, was argued, amongst others, by the solicitors of complainant in this case, and was decided by the court in opposition to the claims of said complainant as then asserted and as reiterated in the bill in this case." The record of that suit, including the opinion of the Court of Appeals and the brief of the counsel of the present appellant, are made exhibits.

The bill of the State of Virginia distinctly claims interest upon the coupons which she held, standing in the same relation as those of the appellant here. The right to that interest as a preference to the debt of the State of Maryland is denied by the answers of the canal company and of the State of Maryland. Corcoran and his co-trustees submit all those matters to the decision of the court. It was, therefore, properly in issue. Indeed, the whole subject of priority of lien as to the revenues and tolls of the canal was before the court, and was the very matter to be decided, and necessarily included the question whether the State of Maryland in the statute by which she waived her prior lien, so far as the revenues of the company were concerned, in favor of the class of bonds and coupons held by the State of Virginia, and those represented by Corcoran, as trustee, included interest upon interest, or only principal and current interest.

The opinion of the Court of Appeals of Maryland, found in the record as an exhibit, and reported in 32 Md. 501, while conceding the general rule, that where the annual or semiannual interest on a bond is represented by a distinct coupon, capable of separation and removal from the main instrument, it bears interest from its maturity, if unpaid; holds that, under the special statute of Maryland authorizing the pledge by the canal company of its revenues for the payment of these preferred

bonds and interest, and waiving her own existing priority of claim on those revenues, simple interest only was meant, and that as to the lien on those revenues and tolls, the interest on the coupons was not included in the lien.

The opinion, undoubtedly, decides the very point in controversy here.

It is said, however, that this is only an opinion, and that unless a judgment or decree is produced there can be no estoppel; and the principle asserted is undoubtedly correct. But, in a stipulation signed by the parties to the present suit, it is agreed " that a decree has been passed by the Circuit Court of Baltimore City making distribution of the net revenues of said canal company, and ordering their payment from time to time as the same accrue, in conformity with the said opinion."

The opinion of the court, then, by virtue of that decree, has become, by the well-settled principles of jurisprudence, the law of the case as to the parties who are bound by that decree.

In avoidance of the application of this doctrine to the present case several objections are urged, some of which are answered sufficiently by the foregoing statement of the record of that suit. We will notice one or two others.

It is said that Corcoran and his co-trustees, the canal company, and the State of Maryland, were all defendants to that suit, and that as between them no issue was raised by the pleadings on this question, and no adversary proceedings were had.

The answer is, that in chancery suits, where parties are often made defendants because they will not join as plaintiffs, who are yet necessary parties, it has long been settled that adverse interests as between co-defendants may be passed upon and decided, and if the parties have had a hearing and an opportunity of asserting their rights, they are concluded by the decree as far as it affects rights presented to the court and passed upon by its decree. It is to be observed, also, that the very object of that suit was to determine the order of distribution of the net revenue of the canal company, and that the Corcoran trustees were made defendants for no other purpose than that they might be bound by that decree. And, lastly, as the decree did undoubtedly dispose of that question, its conclusiveness cannot now be

assailed collaterally on a question of pleading, when it is clear that the issue was fairly made and was argued by Corcoran's counsel, as is shown by the third head of their brief, made a part of this record by stipulation.

It is also argued that in that suit Corcoran was only a party in his representative capacity of trustee, and he here sues in his individual character as owner of the bonds and coupons, and in this latter capacity is not bound by that decree.

But why is he not bound? It was his duty as trustee to represent and protect the holders of these bonds; and for that reason he was made a party, and he faithfully discharged that duty. It would be a new and very dangerous doctrine in the equity practice to hold that the *cestui que trust* is not bound by the decree against his trustee in the very matter of the trust for which he was appointed. If Corcoran owned any of these bonds and coupons then, he is bound, because he was representing himself. If he has bought them since, he is bound as privy to the person who was represented. *Kerrison, Assignee*, v. *Stewart et al.*, 93 U. S. 155, and the authorities there collected.

It seems to us very clear that the question we are now called on to decide has been already decided by a court of competent jurisdiction, which had before it the parties to the present suit; that it was decided on an issue properly raised, to which issue both complainant and defendant here were parties, and in which the appellant here was actually heard by his own counsel; and that it therefore falls within the statutory rule of law which makes such a decision final and conclusive between the parties, and that none of the exceptions to that rule exists in this case.                                        *Decree affirmed.*

MR. JUSTICE CLIFFORD dissented.