WILDFONG v FIREMAN'S FUND INSURANCE COMPANY

Docket No. 105852. Submitted June 20, 1989, at Lansing. Decided August 11, 1989.

Plaintiffs, Edwin and Loula Wildfong, owned a warehouse which was occupied by their family owned corporation, Wildfong Aluminum Products Company. Edwin was president and Loula was vice president and the plaintiffs owned all of the stock in the corporation. A fire damaged the warehouse and, following the denial of the corporation's insurance claim for damages by defendants, Fireman's Fund Insurance Company and Phoenix Insurance Agency, the corporation filed a lawsuit against defendants alleging breach of contract and negligence. That action was settled and a release of all claims was signed by plaintiffs in their corporate capacities. Plaintiffs, in their individual capacities, then brought an action in the Saginaw Circuit Court against defendants making the same allegations as in the prior suit. The trial court, Joseph R. McDonald, J., granted defendants' motions for summary disposition based on the doctrine of res judicata. Plaintiffs appealed.

The Court of Appeals *held:*

Plaintiffs and their family owned corporation are sufficiently related so as to fulfill the privity requirement in the doctrine of res judicata. The second lawsuit was properly barred under the doctrine of res judicata.

Affirmed.

1. ACTIONS — RES JUDICATA.

The doctrine of res judicata bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical and applies only when the issues and the parties or their privies in the prior action are identical.

2. ACTIONS — RES JUDICATA.

There are three prerequisites to the application of the doctrine of

REFERENCES

Am Jur 2d, Judgments §§ 394, 395, 407, 409, 477, 577.
See the Index to Annotations under Close Corporation; Corporate Stock and Stockholders; Res Judicata.

res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies.

3. ACTIONS — RES JUDICATA — PRIVITY.

A judgment rendered in an action in which one of the parties appears in a representative capacity is not operative under the doctrine of res judicata in a subsequent action involving the same party in his individual right; this rule does not apply where a party to one action in his individual capacity and to another action in his representative capacity is in each case asserting or protecting his individual rights.

*Professional Law Offices of Frank & Forster* (by *Thomas L. Frank* and *Stuart W. Hyvonen*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Eric A. Andrzejak*), for Fireman's Fund Insurance Company.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Ronald S. Lederman* and *Michelle A. Thomas*), for Phoenix Insurance Agency.

Before: WAHLS, P.J., and DOCTOROFF and BRENNAN, JJ.

PER CURIAM. Plaintiffs, Edwin J. Wildfong and Loula Wildfong, appeal as of right from orders of the Saginaw Circuit Court issued on November 9 and 10, 1987, granting motions for summary disposition in favor of defendants, Fireman's Fund Insurance Company and Phoenix Insurance Agency. In essence, plaintiffs argue that a release in a prior action against Fireman's Fund Insurance Company which they signed in their capacities as representatives of their family-owned corporation was improperly held by the trial court to be binding against them in the present action under the doctrine of res judicata. We affirm.

The record reveals that on September 23, 1984, a warehouse which was owned by plaintiffs and occupied by their family owned corporation, the Wildfong Aluminum Products Company, was damaged by fire. Plaintiffs Edwin J. Wildfong and Loula Wildfong were president and vice president, respectively, of the corporation and owned all of its corporate stock. According to plaintiffs, the corporation had occupied the warehouse for several years under a "verbal lease agreement" with plaintiffs under the terms of which the corporation paid the warehouse's mortgage payments, insurance premiums, utility bills, and real estate taxes. Following the fire, the corporation filed a "sworn statement and proof of loss" with defendants, claiming $430,000 in covered losses. Defendants, apparently convinced that plaintiffs had committed arson and had filed a fraudulent statement of loss, denied the claim. The corporation thereafter filed a lawsuit against defendants, alleging breach of contract and negligence. That lawsuit was settled in accordance with the terms of a mediation evaluation which recommended that Fireman's Fund pay $75,000 and that an order of no cause of action be issued in favor of Phoenix. The "release of all claims" in that case was signed by Edwin J. Wildfong and Loula Wildfong in their corporate capacities.

On the same day that plaintiffs signed the "release of all claims," they filed, in their individual, not corporate, capacities, a complaint against defendants containing basically the same allegations that were made in the first complaint against defendants. Phoenix filed two motions for summary disposition asserting that res judicata and the applicable statute of limitations barred plaintiffs' action. Fireman's Fund joined in these motions and further asserted that the "release of all

claims" executed in the previous action precluded a second lawsuit. A hearing was conducted on October 26, 1987, at which the trial court granted summary disposition in favor of defendants based upon res judicata, while also indicating a belief that the argument of defendants regarding the applicable period of limitations had merit. Orders of summary disposition were issued on November 9 and 10, 1987, and plaintiffs filed the instant appeal as of right.

The trial court granted defendants' motions for summary disposition pursuant to MCR 2.116(C)(7). That court rule provides that a motion for summary disposition may be granted if

> [t]he claim is barred because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action.

Regarding this court rule, this Court has stated:

> When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court must accept the plaintiff's well-pled allegations as true and construe them in favor of the plaintiff. *Male v Mayotte, Crouse & D'Haene Architects, Inc,* 163 Mich App 165, 168; 413 NW2d 698 (1987), lv den 429 Mich 901 (1988). If there are no facts in dispute, the issue whether the claim is statutorily barred is one of law for the court. *Coddington v Robertson,* 160 Mich App 406, 410; 407 NW2d 666 (1987). [*Executone Business Systems Corp v IPC Communications, Inc,* 177 Mich App 660, 665; 442 NW2d 755 (1989).]

On appeal, plaintiffs, citing on this issue only one case, *Howell v Vito's Trucking & Excavating*

*Co,* 386 Mich 37; 191 NW2d 313 (1971), argue, in essence, that the release they signed in the first lawsuit was improperly held by the trial court to be binding against them in the present action under the doctrine of res judicata. Regarding this doctrine, this Court has stated:

> Res judicata is the doctrine which bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical, and applies only when the issues and the parties or their privies in the prior action are identical. *Roberts v City of Troy,* 170 Mich App 567, 577; 429 NW2d 206 (1988); *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 726-727; 209 NW2d 843 (1973), lv den 390 Mich 788 (1973).
>
> There are three prerequisites to the application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies. *Roberts, supra.* A summary judgment is a judgment on the merits which bars relitigation on the basis of res judicata. *Id.* A federal court dismissal without prejudice, however, does not comprise an adjudication on the claims made and res judicata will not bar the plaintiff from later bringing the claims in a state court. *Annabel v C J Link Lumber Co,* 417 Mich 950; 331 NW2d 900 (1983); *Roberts, supra,* pp 577-578. [*King v Michigan Consolidated Gas Co,* 177 Mich App 531, 535; 442 NW2d 714 (1989).]

In this case, plaintiffs focus on the third element of the doctrine of res judicata that "both actions must have involved the same parties or their privies," *King, supra,* arguing that, because the first action against defendants was brought by the family-owned corporation and was settled by plain-

tiffs in their corporate, not individual, capacities, they remained free to file a second lawsuit in their individual, not corporate, capacities. Concerning the element of privity in cases involving res judicata, the Supreme Court has stated:

> In its broadest sense, privity has been defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Petersen v Fee Int'l, Ltd,* 435 F Supp 938, 942 (WD Okla, 1975). This Court has also interpreted a privy as "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase." *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 43; 191 NW2d 313 (1971). [*Sloan v City of Madison Heights,* 425 Mich 288, 295-296; 389 NW2d 418 (1986).]

> Where a person brings an action or is sued in his individual right, a judgment rendered for or against him is not operative under the doctrine of res judicata in a subsequent action brought by or against the same person in a representative capacity. Similarly, a judgment rendered in an action in which one of the parties appears in a representative capacity is not operative under the doctrine of res judicata in a subsequent action involving the same party in his individual right. *These rules have been denied application, however, where a party to one action in his individual capacity and to another action in his representative capacity is in each case asserting or protecting his individual rights.* [*Howell, supra,* p 45, quoting 46 Am Jur 2d, Judgments, § 525, p 678, and, in a footnote, referring the reader to Restatement Judgments, § 80 *et seq.,* and 50 CJS, Judgments, § 788, p 324.]

See also *Corcoran v Chesapeake & Ohio Canal*

*Co,* 94 US 741; 24 L Ed 190 (1877). In this case we do not hesitate to find that plaintiffs and their family owned corporation are sufficiently related so as to fulfill the privity requirement in the doctrine of res judicata. Plaintiffs, as the owners of the warehouse that burned, had a direct interest in the initial lawsuit filed by their family-owned corporation. Moreover, plaintiffs not only had a right to control the proceedings in that lawsuit but actually did control the proceedings, deciding, as the president and vice president of the corporation, to settle the claims against defendants. It is clear that plaintiffs, as individuals, although not named individually in the initial lawsuit, for all intents and purposes were parties to that suit. Plaintiffs, as owners of all of the corporation's stock, stood to gain or lose the most in the initial lawsuit against defendants. It is very clear to us that in each case against defendants plaintiffs were asserting and protecting their individual rights. This being the case, plaintiffs and their family-owned corporation were in privity and the second lawsuit against defendants was barred under the doctrine of res judicata.

Affirmed.