978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruby E. DAVIES, Plaintiff-Appellant,
v.
GUINN RESOURCES CO., a Texas corporation, formerly known as
Guinn International, Inc., Defendant-Appellee.
 No. 91-15065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.*
Decided Oct. 29, 1992.
 
 Before ALARCON, BOOCHEVER and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruby E. Davies appeals the district court's grant of summary judgment to Guinn Resources Company ("Guinn" hereinafter) in her action seeking to set aside a judgment of the United States District Court for the Southern District of Texas rendered on January 27, 1986 in the case of Guinn International, Inc. v. Donald E. Davies, Civil Action No. H-82-3234 (D.Tex.1986) and a deed executed pursuant thereto. The district court had jurisdiction under 28 U.S.C. § 1332, and this Court has jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Davies argues that Guinn was in default; that because Guinn never moved to set aside the default, her allegations are accepted as true and Guinn's belated answer and motion for summary judgment are ineffective; and that the district court had no power to grant summary judgment for Guinn. We reject these claims.
 
 
 4
 The District Court retained the power to grant summary judgment for Guinn while Davies' request for default was lodged with the clerk, despite the fact that Guinn never formally moved to set it aside. "[A]ny document that in effect seeks a resolution of the case on the merits may be construed as a motion to set aside the default." 6 James W. Moore, Moore's Federal Practice p 55.10 (2d ed. 1985); see Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1988) (opposition to motion for default judgment treated as motion to set aside the entry of default). The district court was free to construe Guinn's answer as a motion to set aside the default, and its order denying the motion to strike must be viewed as setting aside Guinn's default.
 
 
 5
 A court may set aside an entry of default "for good cause shown." Fed.R.Civ.P. 55(c). This court reviews a district court's decision to set aside an entry of default for abuse of discretion. Alan Neuman Prod., Inc. v. Albright, 862 F.2d 1388 (9th Cir.1988). "Good cause" is liberally interpreted; courts may consider a broad range of factors in exercising discretion to set aside a default. Among these are the merits of the plaintiff's substantive claim, the sufficiency of the complaint, whether the default was due to excusable neglect, and the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986) (citation omitted).
 
 
 6
 The district court did not abuse its discretion in proceeding to a resolution on the merits. In reaching its decision, the district court had before it motions supporting and opposing summary judgment and numerous detailed exhibits that constituted the substantive evidence on the merits of the case. These documents set forth a meritorious defense of res judicata, as discussed further below, and plainly show the weakness of Davies' substantive claims. Under Eitel v. McCool, this is a proper foundation on which to set aside an entry of default, and the district court did not abuse its discretion in doing so and resolving the case on the merits.
 
 II
 
 7
 Davies argues that summary judgment should not have been granted because three factual issues are in dispute: whether Davies was a party to the Texas lawsuit; whether the judgment could lawfully reach her individual interests in the property conveyed pursuant to that judgment; and whether the Texas judgment could lawfully reach Nevada property. A grant of summary judgment is reviewed de novo, applying the same standard used by the trial court under Federal Rule of Civil Procedure 56(c): whether the evidence, viewed in the light most favorable to the nonmoving party, presents any genuine issues of material fact and whether the district court correctly applied the relevant law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989); Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We conclude that summary judgment was appropriate because the pleadings, motions, and affidavits before the district court show that there was no genuine dispute as to the identity of the parties to the prior Texas lawsuit. Davies agrees that "Ruby E. Davies, Trustee" was a named party to the Second Amended Complaint and to the judgment, was served with process, and filed an answer in the action.
 
 
 8
 Viewed most favorably to Davies, the record makes clear that she was not a party to the Texas judgment in her individual capacity, and Guinn apparently concedes this point. This fact, however, is irrelevant. Davies does not dispute--indeed, she vigorously asserts--that the property at issue was validly transferred to a trust entitled "Davies 1983 Trust dated Aug 30 1983" (hereinafter the "Trust"). That being so, jurisdiction over her in her individual capacity was not necessary; there was jurisdiction over her as Trustee. Likewise, the record is clear that the Nevada property was not brought within the in rem jurisdiction of the Texas court, but this fact is again irrelevant because of the Texas court's personal jurisdiction over Davies as Trustee.
 
 
 9
 The only material issue genuinely in dispute is whether naming only "Ruby E. Davies, Trustee" while failing to identify a specific trust in the captions and incorrectly identifying a trust in the body of the complaint was sufficient to make Davies a party to the Texas action as Trustee of the Trust. This is an issue of law that the district court could appropriately decide on summary judgment.
 
 III
 
 10
 Essentially, Davies argues that the Texas court lacked personal and subject matter jurisdiction over Ruby Davies personally and over the Trust, so the Texas judgment cannot be res judicata as to either of their claims. A dismissal on res judicata grounds is subject to de novo review. Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988). We conclude that the Texas Court had both subject matter jurisdiction over the case and personal jurisdiction over Davies as Trustee of the Trust. Accordingly, the district court correctly ruled that the Texas judgment was res judicata as to any claims arising from the Trust property that Davies as Trustee, or as Trust beneficiary, could have raised in that action.
 
 
 11
 One who has full and fair notice that a court is asserting jurisdiction over her or over property in which she claims an interest, in any capacity, and who has an opportunity to litigate the jurisdictional issues cannot collaterally attack the judgment for lack of jurisdiction. Underwriters Nat'l Assur. Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 706-07 (1982). Davies appeared in the Texas case by filing an answer with the court. Once Davies answered as Trustee, the Texas court had jurisdiction to determine its jurisdiction over her as Trustee. Davies was required to raise any objections to jurisdiction when she had the opportunity to do so. See id. at 710. Any defects in personal jurisdiction that might have existed over Davies as Trustee were waived when she appeared and did not object to the court's jurisdiction. The Texas court's judgment against Ruby E. Davies, Trustee and its order directing conveyance of property admittedly owned by the Trust necessarily implies that it determined it did have jurisdiction over Davies, Trustee. Its judgment on that issue is res judicata.
 
 
 12
 Davies argues that she submitted to the Texas court's jurisdiction solely as a representative of her deceased husband, and not of any trust, because of Guinn's failure to join or correctly identify the Trust. The record shows that the Trust was incorrectly identified in the complaint and was never identified in the allegations of jurisdiction or caption of the complaint or judgment. Nevertheless, the complaint served upon Davies as Trustee contained allegations of Davies' citizenship, from which subject matter jurisdiction appeared on the face of the complaint; that is sufficient. Continental Casualty Co. v. Canadian Universal Ins. Co., 605 F.2d 1340, 1343 (5th Cir.1979), cert. denied, 445 U.S. 929 (1980). Likewise, the complaint contained sufficient information from which Davies reasonably should have understood which legal entity she was called upon to represent in the action. The combination of information alleged was adequate to put Davies on notice that the suit sought property of which she was trustee and that she needed to defend the suit as Trustee.
 
 
 13
 When Guinn first substituted Davies as Executor (sic) for her husband's estate, its motion stated that Mrs. Davies was the Trustee of "the Davies Trust established on October 11, 1983." Guinn later added Davies as Trustee as an additional party. Guinn's first and second amended complaints include "Ruby E. Davies, Trustee" in the caption of the action. The complaint's final allegation refers to a transfer of the property at issue to "Ruby E. Davies, Trustee of the Donald E. Davies Trust" on or about October 12, 1983. The property Guinn sought via constructive trust was clearly identified, regardless whether its legal ownership was correctly identified in full. Although the deed transferring the property to the Trust was executed earlier, Davies recorded it October 11, 1983. There is no showing that Davies was a trustee of any other trust and could reasonably have believed she was defending on behalf of a different trust. Thus, Davies had actual notice that the court was asserting jurisdiction over her as Trustee and over assets owned by the Trust. She is now foreclosed in her capacity as Trustee from raising in a separate action any claims and defenses that she could have raised in the Texas action.
 
 
 14
 Although the Texas judgment is not res judicata as to Davies in her individual capacity because she was not a party to the Texas action, in that capacity she has no legal interests in the property. Any beneficial interests she may have had were represented by Davies as Trustee of the Trust, which legally owned the property. Davies' core arguments fail to comprehend that a judgment against a party also binds persons in privity with that party. Beneficiaries of a trust are bound by a judgment against their trustee in her capacity as trustee. Chicago, Rock Island & Pac. Ry. v. Schendel, 270 U.S. 611, 620, 621 (1926) (citing Corcoran v. Chesapeake & Ohio Canal Co., 94 U.S. 741, 745 (1877)).
 
 
 15
 The Texas Court's lack of in rem jurisdiction over the real property in Nevada does not undermine its decision because the court had personal jurisdiction over Davies as Trustee. See S.E.C. v. Wencke, 783 F.2d 829, 833 n. 5 (9th Cir.1986). Since the court's judgment operated upon Davies as Trustee in personam, there was no need for in rem jurisdiction over the property.
 
 CONCLUSION
 
 16
 The district court did not abuse its discretion by granting summary judgment for Guinn despite Guinn's default; the case was appropriate for summary judgment since there were no genuine disputes as to material factual issues; and the district court properly granted summary judgment to Guinn on the ground that the prior Texas judgment was res judicata as to any interests Mrs. Davies may have claimed in the property. The district court's judgment is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3