**William James COFFMAN, Plaintiff,**

v.

**STATE of Michigan, Defendant.**

### No. 5:94–CV–164.

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 26, 1995.

Lance A. Fertig, L. A. Fertig & Associates, Owosso, MI, for plaintiff.

John S. Mackey, Frank J. Kelley, Attorney General, Public Employment & Elections Division, Lansing, MI, for defendants.

### *OPINION*

QUIST, District Judge.

Plaintiff, William James Coffman, brought this action against defendants the State of Michigan, the United States Department of the Army, and the Michigan Army National Guard. An order dismissing the United States Army as a party to the case was filed on June 5, 1995. Under Count I of his Second Amended Complaint, plaintiff alleged that defendants violated his rights under the Americans With Disabilities Act (42 U.S.C. § 12101 *et seq.*), Title V of the Rehabilitation Act (29 U.S.C. § 791), and the Michigan Handicapper's Civil Rights Act (M.C.L. § 37.1101 *et seq.*). Under Count II of his Second Amended Complaint, plaintiff alleged that defendants violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Court retains jurisdiction over the suit pursuant to 28 U.S.C. § 1441. This matter is before the Court on a joint motion by the State of Michigan and the Michigan

Army National Guard to dismiss the case pursuant to Rules 12(c) or 56 of the Federal Rules of Civil Procedure.[1] The Court heard oral argument on October 24, 1995. For the reasons set forth below, defendants' motion will be granted.

## Facts

Plaintiff was an officer in the United States Army from 1979 until he was discharged in 1993. When he was dismissed, plaintiff was a Major in the Active Guard Reserve ("AGR") program. On March 19, 1993, plaintiff was involuntarily released from the AGR program for his repeated failure to run two miles in the required time.

Plaintiff previously filed suit in the Michigan Court of Claims in Ingham County, Case No. 93–15018–CM (initially filed in Circuit Court), for handicapper discrimination relating to his termination. Plaintiff filed suit in state court before the Army Board of Correction of Military Records ("ABCMR") had the opportunity to rule on plaintiff's termination. On March 2, 1994, the ABCMR reviewed plaintiff's claims. (Docket No. A93–09522.) The ABCMR determined that the plaintiff "failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice." ABCMR Mem. of Consideration at 6. On June 14, 1994, the Michigan Court of Claims granted defendants' motion for summary disposition for the reasons stated in the court's May 25, 1994 bench opinion.

## Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. The summary judgment standard mirrors the standard for a directed verdict. The only difference between the two is procedural; summary judgment is based on documentary evidence before trial, and directed verdict is based on evidence submitted at trial. 477 U.S. at 250–51, 106 S.Ct. at 2511.

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi,* 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle,* 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### B. Civil Rights/Handicap Discrimination (Count I)

#### 1. Res Judicata

 Claims are barred in federal court under the doctrine of *res judicata* where the claims would be barred under the doctrine if brought a second time in state court. *Gutierrez v. Lynch,* 826 F.2d 1534, 1537 (6th Cir.1987). Under Michigan law, the doctrine

---

1. Because the Court will utilize the standards set forth in Rule 56 of the Federal Rules of Civil Procedure, defendants' misnamed motion will be referred to as a motion for summary judgment in the Order.

of *res judicata* should be applied when: (1) the prior action was decided on the merits; (2) the issues raised in the second case have been resolved in the first; and (3) both actions have involved the same parties or their privies. *Wildfong v. Fireman's Fund Ins.,* 181 Mich.App. 110, 114, 448 N.W.2d 722 (1989). The second and third elements are satisfied because plaintiff alleges the same handicap discrimination claims against the same parties that he did in state court. In reference to plaintiff's state court claims, Circuit Court Judge William Collette stated that "it was filed in circuit court and actually it's a Court of Claims case ... we put it in Court of Claims on our own, evidently, because that's the correct vehicle. But, there's nothing in here about an administrative review." Motion for Summary Disposition Transcript ("Trans.") at 7. Thus, Judge Collette held that plaintiff was in the correct court. In reference to the handicap discrimination laws, Judge Collette went on to rule that "the military has no obligation to comply with any of these types of law." Trans. at 9. In reference to the rights plaintiff would normally retain under the discrimination statutes, Judge Collette held that "these kinds of rights don't apply." Trans. at 10.

Only after holding that the Court of Claims was the "correct vehicle" and that plaintiff's claims were substantively unsound did Judge Collette maintain that "[t]he correct vehicle here is through the Board to Correct Military Records and an administrative appeal of that or a lawsuit in federal court." Trans. at 10. Apparently, Judge Collette was unimpressed with plaintiff's legal strategy. Judge Collette distinguished his recommendation that plaintiff appeal the ABCMR's decision from the case he was actually presiding over when he told plaintiff's counsel, "I don't know how you can stand here and tell me this is supposedly an administrative appeal when it's in the Court of Claims, first of all. Secondly, I don't know how you can tell me it's an administrative appeal when it's filed before the appeal board renders a decision." Trans. at 10–11. Thus, the case that Judge Collette dismissed was *not* an administrative appeal. Judge Collette repeated his recommendation when he again stated to plaintiff that "the correct procedure

is through the military's own system and through the appellate process." Trans. at 11.

Because Judge Collette ruled on the merits of plaintiff's claims under the handicap discrimination statutes, Count I of Plaintiff's Second Amended Complaint is barred by the doctrine of *res judicata.*

### 2. Substantive Merits of Count I

█ Even if the Court were to decide that the doctrine of *res judicata* did not bar Count I, the plaintiff would still be unable to prevail under the standard for summary judgment. Both parties agree that the Americans With Disabilities Act, Title V of the Rehabilitation Act, and the Michigan Handicapper's Civil Rights Act do not limit the Secretary of the Army's plenary authority to determine the physical qualifications for service in the Guard. Plaintiff contends that the Army discriminated against him by failing to "reasonably accommodate" his ulcer and allow him a third opportunity to run two miles in the required time after he had been promised the opportunity.

Even though plaintiff does not ask the Court to alter the Army's physical standards for service, granting his request for a "reasonable accommodation" would nevertheless require an impermissible encroachment on the Army's authority by the Court, especially as it relates to personnel decisions. The Supreme Court has held that

> [c]ivilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the unique structure of the military establishment.... 'Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.'

*Chappell v. Wallace,* 462 U.S. 296, 300–01, 103 S.Ct. 2362, 2366, 76 L.Ed.2d 586 (1983) (quoting *Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953) on page 301). The Supreme Court is concerned that there will be a disruption of the

relationship between soldiers and their superiors, and therefore a disruption of military hierarchy and discipline, if soldiers were allowed to hale their superiors into court. *Chappell,* 462 U.S. at 303, 103 S.Ct. at 2367. These considerations led the Supreme Court to re-emphasize the military's broad authority to handle its own personnel. *Chappell,* 462 U.S. at 305, 103 S.Ct. at 2368. These considerations are also applicable to the National Guard and its personnel because the Supreme Court has recognized that the "Guard is an essential reserve component of the Armed Forces of the United States." *Gilligan v. Morgan,* 413 U.S. 1, 7, 93 S.Ct. 2440, 2444, 37 L.Ed.2d 407 (1973).

Civil claims "in civilian courts challenging personnel decisions of the military services have an undeniable potential for undermining military discipline and thus for impairing training programs and operational readiness." *Watson v. Arkansas Nat. Guard,* 886 F.2d 1004, 1008 (8th Cir.1989) (reviewing a 42 U.S.C. § 1983 claim against the National Guard). Whether or not the Army "reasonably accommodated" plaintiff's ulcer would require the Court to investigate and possibly alter the methods by which the Army determines who is and who is not physically able to serve. This sort of inquiry is clearly inappropriate in light of *Chappell* and related cases.

## C. Due Process Violation (Count II)

█ Count II of plaintiff's Second Amended Complaint alleges that he was deprived of Due Process when the Army arbitrarily denied him a third opportunity to meet the required physical fitness standards. When reviewing whether procedural Due Process was satisfied under the Fourteenth Amendment, a court will ordinarily weigh the following three factors:

> [f]irst, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative

burdens that the additional or substitute procedural requirements would entail. *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 984, 108 L.Ed.2d 100 (1990) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)).

In the instant case, however, the Supreme Court has already held that the forum provided by the Army Board of Correction of Military Records ("ABCMR") comports with Due Process. The Supreme Court has held that " 'judges are not given the task of running the Army. The responsibility for setting up channels through which ... grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates.' " *Chappell,* 462 U.S. at 301, 103 S.Ct. at 2366 (quoting *Willoughby,* 345 U.S. at 93–94, 73 S.Ct. at 540). The Supreme Court found the procedures provided by the ABCMR sufficient as the remedy Congress has chosen to provide. *Chappell,* 462 U.S. at 302–303, 103 S.Ct. at 2366–67. The ABCMR's decisions are ultimately subject to judicial review and may be set aside if they are arbitrary, capricious, or are not supported by substantial evidence. *Id.* at 303, 103 S.Ct. at 2367.

Plaintiff has availed himself of the procedures provided by the Army. The ABCMR reviewed plaintiff's claims on March 2, 1994. Plaintiff makes no allegation that the decision rendered by the ABCMR was either arbitrary, capricious, or not supported by substantial evidence. Neither the ABCMR, the United States Army, or the Secretary of the Army remains a party to this lawsuit. Plaintiff's contention that the decision to take away his third opportunity to pass the physical exam was "arbitrary" is not the equivalent of stating that the ABCMR's decision to uphold his termination was arbitrary. The factual question of whether or not plaintiff was actually granted a third opportunity is immaterial to the disposition of the case. This factual question should arise only in an appeal from the ABCMR's decision, which the plaintiff has not pursued.

Plaintiff has thus far been accorded the procedural Due Process required by the Constitution. Because the Supreme Court has

held that the ABCMR accords with procedural Due Process, Count II of plaintiff's Second Amended Complaint must fail.

## ORDER

In accordance with the Opinion issued on this date,

**IT IS HEREBY ORDERED** that defendant's Motion For Summary Judgment (docket no. 15) is **GRANTED.** Plaintiff's complaint is **DISMISSED.**