*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHNNY MCPHERSON,

      Plaintiff-Appellant,

v

ALTEN HOMES, INC., JAMES WHITE, and
JAMES WHITE ENTERPRISES, LLC,

      Defendants-Appellees.

FOR PUBLICATION
November 20, 2025
9:19 AM

No. 368756
Wayne Circuit Court
LC No. 22-003627-NO

Before: GARRETT, P.J., and PATEL and YATES, JJ.

YATES, J.

Plaintiff, Johnny McPherson, alleges that he suffered injuries because a railing gave out as he was walking up the front steps of a house that he had rented. In 2021, plaintiff filed suit against only Alvin Sallen, who was the sole shareholder of the owner of the rented house, defendant Alten Homes, Inc. That action was eventually dismissed in June 2022 because Sallen was not plaintiff's landlord, so he bore no individual liability to plaintiff. In March 2022, while the suit against Sallen was still pending, plaintiff filed the instant case against property owner and landlord Alten Homes, as well as James White and James White Enterprises, LLC (collectively, "the contractors"), which had performed maintenance work on the rented house. What ensued was the procedural equivalent of a game of three-card monte. First, Alten Homes moved for summary disposition, asserting that the claims against it were barred by res judicata because of plaintiff's lawsuit against Sallen. The trial court agreed, and dismissed the claims against Alten Homes. Next, the contractors requested summary disposition, and the trial court granted that relief. We conclude that the trial court erred by awarding summary disposition to Alten Homes and the contractors, so we reverse those orders and remand this case for further proceedings.

## I. FACTUAL BACKGROUND

According to plaintiff, in December 2018, he was "walking up the stairs" of a house he had rented "when the railing gave way." Plaintiff alleged that that caused him to fall and sustain severe injuries. On February 16, 2021, plaintiff filed a complaint solely against Sallen, initiating the first case. Sallen sought summary disposition because he was not an owner or possessor of the property

and he was not a party to plaintiff's lease. Sallen argued that, in his individual capacity, he did not owe any duty to plaintiff, so he was the wrong party to sue. Sallen asserted that plaintiff's landlord was a corporation named Alten Homes, and Sallen was merely its president. The trial court agreed, so on June 23, 2022, the court awarded summary disposition to Sallen under MCR 2.116(C)(10).

On March 28, 2022, months before the first case was dismissed, plaintiff filed a complaint initiating the instant case. That second case named as defendants Alten Homes and the contractors. The factual allegations in that second case mirrored those in the first case. Additionally, plaintiff asserted that Alten Homes was the "owner/landlord/manager" of the property, and the contractors had engaged in maintenance on the front porch that "was negligently performed leaving the railing to the front porch defective, dangerous and improperly secured." Plaintiff set forth claims in four separate counts: (1) premises liability against Alten Homes; (2) violation of MCL 554.139 against Alten Homes; (3) negligence against White individually; and (4) negligence against James White Enterprises on a theory of respondeat superior.

Alten Homes did not dispute that it owned the property and plaintiff was its tenant when the fall occurred. The contractors conceded that they had contracted with Alten Homes to provide maintenance and service to the property at issue, but the contractors denied that they negligently performed any of the work on the rented house.

Alten Homes moved for summary disposition pursuant to MCR 2.116(C)(7), insisting that both claims against it should be dismissed because they were both barred by res judicata as a result of the first case against Sallen. In support of that theory, Alten Homes asserted that the first case was decided on the merits, the matters to be litigated in the instant case could have been resolved in the first case, and both cases involved the same parties or their privies. Plaintiff responded that the first case was not decided on the merits, the matters at issue in the instant case could not have been litigated in the first case, and the two cases did not involve the same parties or their privies.

On January 24, 2023, the trial court entered an order denying Alten Homes's motion for summary disposition. The trial court concluded that the order dismissing the first case was a final adjudication on the merits and that plaintiff could have named Alten Homes as a defendant in the first case. But the trial court determined that Alten Homes, as a corporate entity, was separate and distinct from Sallen, and that they did not represent the same legal entity or the same legal rights. Therefore, the trial court ruled that there was no privity between Alten Homes and Sallen for the purpose of res judicata.

Alten Homes sought reconsideration, claiming that it had inadvertently omitted controlling authority on the privity issue—*Wildfong v Fireman's Fund Ins Co*, 181 Mich App 110; 448 NW2d 722 (1989). It insisted that *Wildfong* established that there was privity between a shareholder of a closely held corporation and the corporation itself. Plaintiff objected, arguing that Alten Homes's motion for reconsideration simply reargued the same position that the court had already rejected. The trial court, however, granted the motion for reconsideration and awarded summary disposition to Alten Homes on the basis that plaintiff's claims were barred by res judicata.[1] Relying entirely

---

[1] Alten Homes's motion for reconsideration was considered and decided by a different judge than the one who had denied Alten Homes's motion for summary disposition under MCR 2.116(C)(7).

on *Wildfong*, which it described as "[d]irectly on point," the trial court held that the previous denial of summary disposition was based on an error of law concerning the concept of privity. Plaintiff moved for reconsideration, but the trial court denied that motion because no court rule allowed for reconsideration of an order on reconsideration.

After the trial court dismissed the claims against Alten Homes, the contractors moved for summary disposition pursuant to MCR 2.116(C)(7). In their motion, the contractors asserted that the negligence claims against them should be dismissed for the same reasons that the claims against Alten Homes were dismissed. They contended that "the corporate defendants . . . were united in potential liability, would share and participate in the same defense defending the same legal claim," and "the premise of the entire lawsuit is about something White allegedly did or did not do, for which consequence Alten Homes could be liable." They further insisted that they were in privity with Alten Homes because their relationship arose "from an agreement to repair the porch creating a principal agent or similar relationship." Plaintiff responded, claiming that the contractors were not in privity with Alten Homes. The contractors replied, reiterating their theory that res judicata barred plaintiff's claims against them.

On October 12, 2023, after hearing oral argument on the contractors' motion, the trial court granted the motion. The trial court initially granted summary disposition under MCR 2.116(C)(7), (8), and (10) "on the basis of, I don't know, nonjoinder." Counsel identified issues with awarding summary disposition on the basis of nonjoinder, so the trial court then vacated its stated reason for dismissal and, instead, awarded summary disposition "for the reasons set forth in the defendants' record . . . ." The trial court memorialized that decision in writing. Plaintiff now appeals.

## II. LEGAL ANALYSIS

On appeal, plaintiff contests the trial court's award of summary disposition to Alten Homes and the contractors based on res judicata. The doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). According to Michigan law, "[t]o be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Id*. at 122. The outer limit of the concept of privity "traditionally requires both a 'substantial identity of interests' and a 'working functional relationship' in which the interests of the nonparty are presented and protected by the party in the litigation." *Id*. (citation omitted). As to "private parties, a privy includes a person so identified in interest with another that he represents the same legal right, such as a principal to an agent, a master to a servant, or an indemnitor to an indemnitee." *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 12; 672 NW2d 351 (2003).

When a person "is sued in his individual right, a judgment rendered for or against him is not operative under the doctrine of res judicata in a subsequent action brought . . . against the same person in a representative capacity." *Howell v Vito's Trucking & Excavating Co*, 386 Mich 37, 45; 191 NW2d 313 (1971). This rule does not apply "where a party to one action in his individual capacity and to another action in his representative capacity is in each case asserting or protecting his individual rights." *Id*. This Court discussed privity in *Wildfong*, 181 Mich App 110, analyzing whether various plaintiffs were in privity with each other. *Id*. at 111. This Court quoted the general

rule in *Howell* that res judicata does not bar multiple lawsuits when one suit is brought by or against a person in an individual capacity and a subsequent action is brought by or against the same person in a representative capacity. *Id*. at 115. But this Court concluded that the plaintiffs in both cases at issue in *Wildfong* were in privity with each other because, in each case against the defendants, the "plaintiffs were asserting and protecting their individual rights." *Id*. at 116. This Court ruled that the plaintiffs, in their individual capacities, "had a direct interest in the initial lawsuit filed by their family-owned corporation[,]" and they "not only had a right to control the proceedings in that lawsuit but actually did control the proceedings[.]" *Id*. Thus, this Court held that the "plaintiffs, as individuals, although not named individually in the initial lawsuit, for all intents and purposes were parties to that suit." *Id*. Thus, this Court decided that the "plaintiffs and their family-owned corporation were in privity . . . ." *Id*. We must now determine whether the trial court appropriately invoked the analysis in *Wildfong* to grant summary disposition to Alten Homes and the contractors under MCR 2.116(C)(7) based on the doctrine of res judicata.

## A. SUMMARY DISPOSITION TO ALTEN HOMES

Plaintiff asserts that the trial court erred by determining that res judicata barred his claims against Alten Homes. Because we conclude that Alten Homes was not in privity with Sallen, who was the sole defendant in the first case, we agree that the trial court erred by dismissing plaintiff's two claims against Alten Homes on the basis of res judicata.

As an initial matter, plaintiff and Alten Homes disagree about the standard of review that governs our analysis of the trial court's summary disposition award pursuant to MCR 2.116(C)(7). Plaintiff contends that we must review de novo the trial court's award of summary disposition to Alten Homes. In contrast, Alten Homes asserts that, because that award of summary disposition resulted from the trial court's decision on a motion for reconsideration, we are restricted to a search for an abuse of discretion. Alten Homes correctly identifies the standard of review for a decision on a motion for reconsideration as whether the trial court abused its discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). But that standard of review does not apply to the res judicata issue presented on appeal because we are not reviewing a decision to grant reconsideration. Instead, we are reviewing the trial court's award of summary disposition, which simply happened to occur after the trial court granted reconsideration. The fact that the award of summary disposition came after the trial court granted reconsideration does not alter the standard of review for the trial court's award of summary disposition, which is de novo review. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

Turning to the merits of the trial court's summary disposition ruling, we conclude that the trial court erred when it relied on *Wildfong* to decide that Sallen and Alten Homes were in privity. In *Wildfong*, 181 Mich App at 116, this Court concluded that the "plaintiffs and their family-owned corporation were in privity . . . ," but this Court did not set forth a bright-line rule that, in each and every circumstance, a closely-held corporation and its shareholders are in privity. The *Wildfong* Court considered the privity of various plaintiffs, whereas the instant case deals with the privity of defendants. That difference is critical, and it distinguishes this case from *Wildfong*.

Because of their status as defendants, the respective interests of Sallen and Alten Homes when deciding whether they have a "substantial identity of interest" are their potential liabilities. Importantly, defendants acknowledge that Sallen and Alten Homes were "not in common potential

-4-

liability." The fact that Sallen could not be held liable for the damages stemming from the injuries that plaintiff purportedly sustained, whereas Alten Homes could be held liable for those damages, supports defendants' acknowledgement. Defendants who do not share the same potential liability do not have a "substantial identity of interests," and therefore are not in privity with each other for the purpose of res judicata.[2] As a result, because Alten Homes and Sallen were not in privity, the trial court erred by deciding that plaintiff's claims against Alten Homes were barred by res judicata, so the trial court incorrectly granted Alten Homes summary disposition under MCR 2.116(C)(7).[3]

### B. SUMMARY DISPOSITION TO THE CONTRACTORS

Plaintiff challenges the trial court's determination that res judicata barred his claims against the contractors. In explaining its ruling, the trial court first commented that dismissal of the claims against the contractors was "on the basis of, I don't know, nonjoinder" under MCR 2.116(C)(7), (C)(8), and (C)(10), but eventually the trial court granted summary disposition "for the reasons set forth in the defendants' record . . . ." In the contractors' motion, they argued that the claims against them should be dismissed for the same reasons that prompted dismissal of the claims against Alten Homes. The contractors stressed that they had the same defense as Alten Homes, that Alten Homes could be held liable for the contractors' conduct, and that they had a contractual relationship with Alten Homes. The contractors appear to assert that they are in privity with Alten Homes, which the trial court found was in privity with Sallen, so the contractors are in privity with Sallen. Even if this Court accepted that transitive logic, the theory would fail because of this Court's conclusion that Alten Homes was not in privity with Sallen.[4]

Additionally, the argument that the contractors are in privity with Sallen is totally meritless. Defendants acknowledge that the contractors and Sallen were "not in common potential liability."

---

[2] That point has been made in two unpublished opinions of this Court. *Landmark Contracting Co v Atlantis Dev Co, Inc*, unpublished per curiam opinion of the Court of Appeals, issued August 4, 2009 (Docket No. 285779), pp 4-5 (noting that "privity exists when the interests of the non-party are presented and protected by the party in the litigation[,]" and then concluding that the corporate defendant's "company liability on a breach of contract claim does not present [the individual's] individual liability interests under the [Michigan Builder's Trust Fund Act]"); *East Muskegon Roofing & Sheet Metal Co v Holwerda*, unpublished per curiam opinion of the Court of Appeals, issued February 16, 2006 (Docket No. 256591), p 5 (holding that a corporate defendant and an individual defendant were not in privity because the lawsuit against the individual "asserts defendants' individual liability" and so "their private interests were not represented in the breach of contract action against the company").

[3] Because that determination warrants reversal of the trial court's summary disposition award to Alten Homes, we need not address plaintiff's other challenges to summary disposition.

[4] Even if the privity of the contractors and Alten Homes was material to this dispute, those parties were not in privity. The mere fact that those parties have been sued by a plaintiff in the same case is wholly insufficient to establish privity. Even if this Court accepts defendants' argument that the contractors and Alten Homes "share the same defense"—which itself is a dubious claim—that fails to establish privity between those parties.

-5-

That recognition undermines the theory that those parties had a "substantial identity of interests." Contrary to defendants' argument, the mere fact that a plaintiff has brought claims against multiple people or entities is wholly insufficient to establish a "substantial identity of interests" among those defendants. Thus, the trial court erred by awarding summary disposition to the contractors under MCR 2.116(C)(7) and dismissing plaintiff's claims against those parties.

Before closing, we must discuss one more argument that defendants made, at length, that requires attention. In contending that dismissal of the claims against them was proper, defendants repeatedly discuss the purported procedural failures attributable to plaintiff in the first case and the instant lawsuit. The trial court seemed to treat those procedural failures as material to its analysis. The trial court explained that dismissal of the claims against the contractors was the result of two cases being filed coupled with procedural hijinks,[5] and that dismissal of plaintiff's claims was what happens "when we play [ ] with the rules." Regardless of whether those criticisms of plaintiff's handling of the two cases are valid, they have no bearing on the issue of res judicata, and they have no role to play in analyzing whether any of the defendants in this action are in privity with Sallen. The requirements to establish that res judicata bars a claim are well-defined under Michigan law, which leaves no room for consideration of issues such as delay or lack of due diligence on the part of any party. *Adair*, 470 Mich at 121. The purpose of the doctrine is "to prevent multiple suits litigating the same cause of action," *id*., not to punish a party for procedural missteps.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Kristina Robinson Garrett
/s/ Sima G. Patel

---

[5] The transcript says "procedural hygienes[.]"