**Richard Jeffrey SPAIN,
Plaintiff–Appellant,**

v.

**William L. BALL, III, Secretary of the Navy; RAdm Donald E. Shuler, Chief, Medical Service Corps, Defendants–Appellees.**

No. 891, Docket 90–7818.

United States Court of Appeals,
Second Circuit.

Argued Jan. 18, 1991.

Decided March 12, 1991.

Richard Jeffrey Spain, Ardsley, N.Y., plaintiff-appellant, pro se.

Claude M. Millman, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., Marla Alhadeff, Asst. U.S. Atty., New York City; Lt. Delora L. Kennebrew, Department of Navy, Office of Judge Advocate General, Alexandria, Va., of counsel), for defendants-appellees.

Before OAKES, Chief Judge, and CARDAMONE and MAHONEY, Circuit Judges.

PER CURIAM:

Richard Jeffrey Spain appeals from a judgment of the United States District Court for the Southern District of New York, Pierre N. Leval, *Judge*, dismissing his statutory and constitutional challenges to the United States Navy's refusal to appoint him as a commissioned officer in the Medical Service Corps, but granting him leave to replead part of his complaint. For the reasons set forth below, we affirm the dismissal of the complaint but reverse the grant of leave to replead.

In the spring of 1989, Spain began the application process for a commission as an officer in the Hospital Administration Section of the United States Navy Medical Service Corps. At that time, he was 34 years old. Title 10 U.S.C. § 532, the statute governing qualifications for appointment as a commissioned officer, states in relevant part that commissions may be given only to persons "able to complete 20 years of active commissioned service before [their] fifty-fifth birthday." Under this statute, then, no person over the age of 35 may become a commissioned officer.

By July 6, 1989, Spain had not completed the application process, and it was clear that he could not possibly obtain his commission prior to July 15, 1985, his thirty-fifth birthday. Accordingly, his recruiter informed him that, pursuant to section 532, his application would not be processed further.[1] Spain then brought this action in the district court, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the equal protection principles embodied in the Fifth Amendment.

*1. Title VII Claim*

In his complaint, Spain alleged that he was denied his commission because he is a white male. Observing that the complaint did not allege facts supporting a claim of race or gender discrimination, the district court dismissed Spain's Title VII claim but granted him leave to replead.

We believe the Title VII claim should have been dismissed with prejudice. In *Roper v. Department of the Army*, 832 F.2d 247 (2d Cir.1987), we held that Title VII does not apply to uniformed members of the armed services. *Accord Johnson v. Alexander*, 572 F.2d 1219, 1224 (8th Cir.), *cert. denied*, 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978). Here, Spain was applying for an officer position with the Navy, a uniformed position. Accordingly, he cannot allege any facts sufficient to support a Title VII claim against the Medical Service Corps, and his claim should therefore have been dismissed with prejudice.

*2. ADEA Claim*

Spain's next claim is that appellees' refusal to appoint him as a commissioned officer constituted unlawful age discrimination in violation of the ADEA. We agree with the district court that Spain's reliance on the ADEA is unfounded. By its terms,

---

1. Spain alleges that his recruiter initially informed him that the maximum age for obtaining a commission was 38, and that he relied on this information to his detriment. Regardless of whether Spain's allegations are true, how-

ever, the Government may not be estopped from asserting the statutory requirements for maximum age without some showing of affirmative misconduct. *See Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981).

the ADEA applies only to those individuals who are "at least 40 years of age." 29 U.S.C. § 633a(a) (1988). Because Spain was only 35 when the alleged discrimination occurred, his claim under the ADEA must fail.

Moreover, even if the ADEA applied to individuals under 40 years of age, Spain's claim could properly have been dismissed under *Roper, supra.* Although that case did not involve the ADEA, the same considerations that led us to conclude that Title VII does not apply to uniformed members of the armed services are applicable in the ADEA context as well. *Accord Kawitt v. United States,* 842 F.2d 951, 953 (7th Cir. 1988); *Helm v. State of California,* 722 F.2d 507, 509 (9th Cir.1983).

### 3. Equal Protection Claim

Spain's final claim is that 10 U.S.C. § 532 violates the equal protection principles embodied in the Fifth Amendment. Because Spain's equal protection claim is based on a theory of age discrimination, the proper standard of review is the rational basis test. *See Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 312–14, 96 S.Ct. 2562, 2566–67, 49 L.Ed.2d 520 (1976). Under that standard, section 532 passes muster. The statutory age limit for military commissions reflects the military's desire to ensure "vigor and comparative youth in positions of responsibility in the services." H.R.Rep. No. 640, 80th Cong., 1st Sess. (1947), *reprinted in* 1947 U.S. Code Cong.Serv. 1644, 1649. Although "vigor" does not always correlate with chronological age, "[p]erfection in making [a statutory] classification[ ] is neither possible nor necessary." *Murgia,* 427 U.S. at 314, 96 S.Ct. at 2567.

Accordingly, the dismissal of Spain's complaint is affirmed, and the judgment modified only insofar as it granted Spain leave to replead his Title VII claim.