**William James COFFMAN,**
**Plaintiff–Appellant,**

v.

**STATE OF MICHIGAN and Michigan**
**Army National Guard, Defendants–**
**Appellees,**

**United States Department of**
**the Army, Defendant.**

**No. 95–2316.**

United States Court of Appeals,
Sixth Circuit.

Argued March 18, 1997.

Decided July 14, 1997.

---

**21.** *Id.* at 1299.

**22.** *Hall,* 466 So.2d at 877.

**23.** *See Id.* at 870.

**58**

Lance A. Fertig (argued and briefed), L.A. Fertig & Associates, Owosso, MI, for Plaintiff–Appellant.

John S. Mackey (argued and briefed), Office of the Attorney General Public Employment & Elections Division, Lansing, MI, for Defendants–Appellee.

Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.

## OPINION

ALAN E. NORRIS, Circuit Judge.

Plaintiff, William Coffman, was an officer in the United States Army from 1979 until his discharge in 1993. Coffman, then a major in the Active Guard Reserve program ("AGR"), was involuntarily released from military service on March 19, 1993 for his repeated failure to complete a two-mile run in the time required by Army fitness standards. He challenged his dismissal before the Army Board for Correction of Military Records, which may review any military record "to correct error or remove an injustice." 10 U.S.C. § 1552(a). The Board determined that Coffman "failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice."

■ While his claim before the Board was pending, Coffman also filed suit in a Michigan court, alleging that his termination was unlawfully premised upon a disability. On May 25, 1994, the Michigan court dismissed his claim. Coffman subsequently filed suit in federal court alleging discrimination based upon disability [1] in violation of the Americans With Disabilities Act, Title V of the Rehabilitation Act, and the Michigan Handicapper's Civil Rights Act.[2] The district court granted summary judgment in favor of defendants, concluding that the handicap discrimination claims were barred by the doctrine of *res judicata* given the prior proceedings in the Michigan court and that, even if the doctrine of *res judicata* did not bar these claims, Coffman still would be unable to prevail since these statutory remedies are not available to uniformed members of the armed forces. *See Coffman v. Michigan*, 914 F.Supp. 172 (W.D.Mich.1995). The district court was correct in ruling that the statutory remedies sought by Coffman are not avail-

---

1. Coffman claimed that he was disabled because he suffered from an ulcer, which caused him to curtail his physical activities. The weight gain which resulted prevented him from meeting the Army's physical fitness standard. He claimed that the AGR failed to reasonably accommodate his disability by refusing to give him "one more opportunity to pass his physical fitness test."

2. A second count in Coffman's complaint alleged that he was deprived of his right to due process

under the Fourteenth Amendment to the United States Constitution. Since Coffman does not raise this issue on appeal, it is abandoned and will not be considered by this court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Coffman also raises for the first time on appeal claims based upon contract law. Since these issues were not raised in the district court, they will not be considered by this court. *See id.* at 261.

able to uniformed members of the armed forces, and we affirm the district court's grant of summary judgment in favor of defendants on that basis.

In *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), the Supreme Court held that soldiers who claimed they had been the victims of racial discrimination in violation of their constitutional rights could not bring a suit for damages in civilian court under the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against their superiors. "The special status of the military has required, the Constitution has contemplated, Congress has created, and this court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel." *Chappell*, 462 U.S. at 303–04, 103 S.Ct. at 2367. The Court noted that Congress has plenary authority over the military, and has exercised that authority to establish statutes regulating military life and to provide for a comprehensive internal system of justice. That system provides for the review and remedy of complaints and grievances of uniformed members of the armed forces. *Id.* at 301–03, 103 S.Ct. at 2366–67. Since Congress, in the exercise of its plenary authority over military life, did not provide for a *Bivens*-type remedy for uniformed members of the armed forces, it would be inappropriate for the judicial branch of government to extend such a remedy to them. *Id.* at 304, 103 S.Ct. at 2368.

Consistent with the reasoning in *Chappell*, courts of appeals have consistently refused to extend statutory remedies available to civilians to uniformed members of the armed forces absent a clear direction from Congress to do so. Thus, uniformed members of the armed forces have no remedy under Title VII of the Civil Rights Act of 1964. *See, e.g., Stinson v. Hornsby*, 821 F.2d 1537 (11th Cir.1987); *Roper v. Department of the Army*, 832 F.2d 247 (2d Cir.1987); *Gonzalez v. Department of the Army*, 718 F.2d 926 (9th Cir.1983); *Johnson v. Alexander*, 572 F.2d 1219 (8th Cir.1978). The same rationale supports the ruling of the Court of Appeals for the Eleventh Circuit that claims under the Rehabilitation Act may not be asserted by uniformed members of the armed forces. *See Doe v. Garrett*, 903 F.2d 1455 (11th Cir. 1990). Likewise, neither the Americans with Disabilities Act, *see* 42 U.S.C. § 1201 *et seq.*, nor the Michigan Handicapper's Civil Rights Act, *see* M.C.L.A. § 37.1101 *et seq.*, purport to extend their remedies to uniformed members of the armed forces. Since neither the acts relied upon by Coffman, nor any other act of Congress, provide a remedy for discrimination based upon disability to uniformed members of the armed forces, his claims related to his termination from military service must fail.

The judgment of the district court is **affirmed**.