[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1964

 JOSE F. HERNANDEZ-ORTIZ, ET AL.,

 Plaintiffs, Appellants,

 v.

 EMILIO DIAZ-COLON, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge] 

 

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges. 

 

Nydia Maria Diaz-Buxo on brief for appellants. 
Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del 
Rio, Assistant United States Attorney, on brief for appellee United 
States of America.

 

 January 23, 1998
 

 Per Curiam. Jose Hernandez-Ortiz and his wife, Lydia 

Esther Delgado-Lopez, appeal from the district court's

dismissal under Fed. R. Civ. P. 12(b)(6) of their civil

rights and employment discrimination claims arising out of

Hernandez' separation from the Puerto Rico Air National Guard

("PRANG"). "In the Rule 12(b)(6) milieu, an appellate court

operates under the same constraints that bind the district

court, that is, we may affirm a dismissal for failure to

state a claim only if it clearly appears, according to the

facts alleged, that the plaintiff cannot recover on any

viable theory." Correa-Martinez v. Arrillaga-Belendez, 903 

F.2d 49, 52 (1st Cir. 1990) (citations omitted).

 I. Civil Rights Claims 

 We agree with the district court that appellants' claims

pursuant to 42 U.S.C. 1983 and 1985 are non-justiciable.

We need not decide whether the "bright line rule" adopted in

Wright v. Park, 5 F.3d 587, 590 (1st Cir. 1983) applies to 

claims for injunctive relief in the form of reinstatement.

In Penagaricano v. Llenza, 747 F.2d 55, 59 (1st Cir. 1984), 

this court applied an analysis first stated by the Fifth

Circuit in Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), 

and found plaintiff's claims, including a claim for

reinstatement in the National Guard, to be nonjusticiable.

Even if we were to apply the Mindes factors to the facts of 

this case, we would conclude, as we did in Penagaricano, that 

 -2-

a balancing of those factors "favors a finding of

nonreviewability." Penagaricano, 747 F.2d at 64.  

 II. Employment Discrimination Claims 

 Hernandez' complaint alleges that defendants

discriminated against him on the basis of his age and

political beliefs, but does not allege discrimination based

on race, color, religion, sex or national origin. Therefore,

Hernandez has not stated a claim for relief under Title VII.

Nor is Hernandez entitled to relief under the Age

Discrimination in Employment Act (ADEA). The ADEA does not

apply to uniformed members of the armed services. See, e.g., 

Spain v. Ball, 928 F.2d 61, 63 (2d Cir. 1991). Specifically, 

conduct of the Air National Guard "is beyond the reach of the

ADEA." Johnson v. State of New York, 49 F.3d 75, 78 (2d Cir. 

1995); see also Frey v. State of California, 982 F.2d 399, 

404 (9th Cir. 1993).

 The district court's Opinion and Order dated July 15,

1997, is summarily affirmed. See Loc. R. 27.1. 

 -3-