USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1964 JOSE F. HERNANDEZ-ORTIZ, ET AL., Plaintiffs, Appellants, v. EMILIO DIAZ-COLON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Boudin, Stahl and Lynch, Circuit Judges. ______________ ____________________ Nydia Maria Diaz-Buxo on brief for appellants. _____________________ Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del _____________ _______________________ Rio, Assistant United States Attorney, on brief for appellee United ___ States of America. ____________________ January 23, 1998 ____________________ Per Curiam. Jose Hernandez-Ortiz and his wife, Lydia ___________ Esther Delgado-Lopez, appeal from the district court's dismissal under Fed. R. Civ. P. 12(b)(6) of their civil rights and employment discrimination claims arising out of Hernandez' separation from the Puerto Rico Air National Guard ("PRANG"). "In the Rule 12(b)(6) milieu, an appellate court operates under the same constraints that bind the district court, that is, we may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Correa-Martinez v. Arrillaga-Belendez, 903 _______________ __________________ F.2d 49, 52 (1st Cir. 1990) (citations omitted). I. Civil Rights Claims ___________________ We agree with the district court that appellants' claims pursuant to 42 U.S.C. 1983 and 1985 are non-justiciable. We need not decide whether the "bright line rule" adopted in Wright v. Park, 5 F.3d 587, 590 (1st Cir. 1983) applies to ______ ____ claims for injunctive relief in the form of reinstatement. In Penagaricano v. Llenza, 747 F.2d 55, 59 (1st Cir. 1984), ____________ ______ this court applied an analysis first stated by the Fifth Circuit in Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), ______ ______ and found plaintiff's claims, including a claim for reinstatement in the National Guard, to be nonjusticiable. Even if we were to apply the Mindes factors to the facts of ______ this case, we would conclude, as we did in Penagaricano, that ____________ -2- a balancing of those factors "favors a finding of nonreviewability." Penagaricano, 747 F.2d at 64.  ____________ II. Employment Discrimination Claims ________________________________ Hernandez' complaint alleges that defendants discriminated against him on the basis of his age and political beliefs, but does not allege discrimination based on race, color, religion, sex or national origin. Therefore, Hernandez has not stated a claim for relief under Title VII. Nor is Hernandez entitled to relief under the Age Discrimination in Employment Act (ADEA). The ADEA does not apply to uniformed members of the armed services. See, e.g., ___ ____ Spain v. Ball, 928 F.2d 61, 63 (2d Cir. 1991). Specifically, _____ ____ conduct of the Air National Guard "is beyond the reach of the ADEA." Johnson v. State of New York, 49 F.3d 75, 78 (2d Cir. _______ _________________ 1995); see also Frey v. State of California, 982 F.2d 399, ___ ____ ____ ___________________ 404 (9th Cir. 1993). The district court's Opinion and Order dated July 15, 1997, is summarily affirmed. See Loc. R. 27.1. _________ ________ ___ -3-