**Philip B. BALDWIN, Plaintiff–Appellant,**

v.

**UNITED STATES ARMY, Defendant–Appellee.**

**No. 00–6019.**

United States Court of Appeals, Second Circuit.

Argued: Aug. 10, 2000

Decided: Aug. 21, 2000

Philip Bernard Baldwin, Cheektowaga, NY, pro se.

Monica J. Eagan, Assistant United States Attorney, Western District of New York, Buffalo, N.Y. (Denise E. O'Donnell, United States Attorney, Western District of New York, Buffalo, NY, of counsel) for Defendant–Appellee.

Before: CALABRESI, CABRANES, and POOLER, Circuit Judges.

---

PER CURIAM.

Philip Bernard Baldwin, who served in the United States Army from 1985 to 1992, originally filed a complaint against 54 defendants alleging that, over the past twelve years, the defendants had, *inter alia*, plotted against him to conceal evidence, to damage his car, and to murder him. The United States District Court for the Western District of New York (William M. Skretny, *Judge*) dismissed Baldwin's complaint after finding that the allegations contained there were "fantastic, delusional and incredible." The court did, however, permit Baldwin to file an amended complaint, limiting that complaint to employment discrimination claims Baldwin might wish to make against the United States Army. The trial court allowed Baldwin to spell these out because, in his original complaint, Baldwin had appeared to assert a claim regarding the denial of an EEOC complaint that he had filed. The court thought that Baldwin, as a *pro se* litigant, should have an opportunity to assert any claims associated with this denial that he might have.

Baldwin filed an amended complaint alleging that the Army had violated Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The Army then filed a motion to dismiss Baldwin's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that, because Baldwin's allegations of discrimination arose out of or were incident to his service in the Army, they were barred. The district court granted the Army's motion.

Baldwin appeals. He contends that his discrimination claims are not barred. We affirm the district court's dismissal of Baldwin's suit.

## I.

In *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), the Supreme Court held that soldiers who had claimed that they had been discriminated against on the basis of their race in violation of their constitutional rights could not bring a suit for damages under the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Court ruled that, since Congress—which has plenary authority over military life—had not waived sovereign immunity and itself provided a *Bivens*-type civil action for uniformed members of the military, it would be inappropriate for the judicial branch to extend such a remedy to them. *See id.* at 304, 103 S.Ct. 2362.

Following this reasoning, "courts of appeals have consistently refused to extend statutory remedies available to civilians to uniformed members of the armed forces absent a clear direction from Congress to do so." *Coffman v. State of Michigan*, 120 F.3d 57, 59 (6th Cir.1997). And our own circuit has made clear that uniformed members of the armed services may not assert claims under either Title VII or the ADEA because there is no indication that Congress intended to extend the remedies afforded by those statutes to uniformed members of the military. *See Spain v. Ball*, 928 F.2d 61, 62–63 (2d Cir.1991); *Roper v. Department of the Army*, 832 F.2d 247, 248 (2d Cir.1987).

We now join the Sixth Circuit in holding that uniformed members of the armed forces are also barred from bringing claims under the ADA. *See Coffman*, 120 F.3d at 58–59. As with Title VII and the ADEA, there is no indication that the remedies provided in the ADA were to be extended to uniformed members of the military. As a result, because Baldwin's discrimination claims "arise[ ] out of activity 'incident to [his] service' " in the Army, *United States v. Stanley*, 483 U.S. 669, 681, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987) (quoting *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950)),

the district court properly dismissed his claims.

## II.

■ In his brief on appeal, Baldwin also makes reference to the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and to the Tucker Act, 28 U.S.C. §§ 1346, 1491, as possible bases for relief in his favor. Neither of these laws were cited in Baldwin's complaint, nor were they ever mentioned in motions before the district court. It is well-established that an appellate court will not generally consider an issue raised for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Baldwin, moreover, has failed fully to set forth the elements of the claims he is attempting to assert under these two statutes. Accordingly, we do not reach these issues. *See Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994).

We have examined all of Baldwin's claims and found them without merit. The judgment of the district court is AFFIRMED.