Laury K. WEAVER, III, Plaintiff–Appellant,

v.

**TENNESSEE ARMY NATIONAL GUARD, Defendant–Appellee.**

No. 00–5959.

United States Court of Appeals, Sixth Circuit.

March 5, 2002.

Before MOORE, COLE, and FARRIS,*

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Circuit Judges.

## ORDER

Laury K. Weaver, III, appeals pro se from a district court judgment that dismissed his employment discrimination case, filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Weaver was a major in the Tennessee Army National Guard, who alleged that the defendant had discriminated against him because he is a transsexual. A magistrate judge held an evidentiary hearing, and issued a report recommending that the case be dismissed because military personnel may not bring a Title VII action in civilian court. The district court adopted this recommendation and dismissed the case on June 22, 2000. It is from this judgment that Weaver now appeals, moving for injunctive relief on appeal.

Weaver did not file any objections to the magistrate judge's report, even though he had been advised that the failure to do so could result in a waiver of his right to appeal. Thus, he has forfeited his right to appellate review. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Nevertheless, we note that the record contains sufficient support for the district court's finding that Weaver was not a civilian employee. *See Fisher v. Peters,* 249 F.3d 433, 438–44 (6th Cir.2001). Thus, the court properly concluded that the National Guard was a military entity which was not amenable to the Title VII action that he had filed in civilian court. *See id.* at 443–44; *Coffman v. Michigan,* 120 F.3d 57, 59 (6th Cir.1997).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.