CONCURRING IN THE RESULT
ROGERS, Circuit Judge,
concurring.
I agree entirely with the majority’s application of the Feres doctrine to Bowers’ case, and I concur in the result. However, I would affirm based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, rather than based on Rule 12(b)(1) for lack of subject-matter jurisdiction.
The Supreme Court has refrained from treating the Feres doctrine as jurisdictional, and this court’s use of justiciability language in one Feres opinion was not necessary to that case’s outcome. Under Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and its corollaries, no cause of action exists for Bowers’ allegations, and dismissal is appropriate for failure to state a claim, a result distinct from holding that the court lacks subject-matter jurisdiction or that the case is not justiciable. As the Supreme Court has recently noted, “[s]ubject-matter jurisdiction ... refers to a tribunal’s power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief.” Morrison v. Nat’l Austl. Bank Ltd., 561 U.S.-, 130 S.Ct. 2869, 2876-77, 177 L.Ed.2d 535 (2010) (internal quotation marks omitted) (citations omitted); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 510-12, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).
In Feres, the Supreme Court explicitly stated that it was not relying on the jurisdiction-granting portion of the Federal Tort Claims Act:
Jurisdiction is necessary to deny a claim on its merits as a matter of law as much as to adjudge that liability exists. We interpret this language to mean all it says, but no more. Jurisdiction of the defendant now exists where the defendant was immune from suit before; it *469 remains for courts, in exercise of their jurisdiction, to determine whether any claim is recognizable in law.
340 U.S. at 141, 71 S.Ct. 158 (emphasis added). The Court concluded not that the district courts lacked jurisdiction, but that “the Government is not liable.” Id. at 146, 71 S.Ct. 153. The Supreme Court reaffirmed Feres without mentioning jurisdiction or justiciability in United States v. Shearer, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), and United States v. Johnson, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987).
In Chappell v. Wallace, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), while the Supreme Court referred to some cases involving justiciability to conclude that “the unique disciplinary structure of the Military Establishment and Congress’ activity in the field constitute ‘special factors’ which dictate it would be inappropriate to provide ... a remedy,” the Court’s actual holding was that “military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations,” id. at 304-05, 103 S.Ct. 2362 (emphasis added), not that the district court lacked jurisdiction.
In United States v. Stanley, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987), in rejecting the applicability of official immunity precedents, the Supreme Court made clear that the Chappell and Stanley holdings refer to whether a cause of action exists:
[T]he availability of a damages action under the Constitution for particular injuries (those incurred in the course of military service) is a question logically distinct from immunity to such an action on the part of particular defendants. When liability is asserted under a statute, for example, no one would suggest that whether a cause of action exists should be determined by consulting the scope of common-law immunity enjoyed by actors in the area to which the statute pertains.
Id. at 684, 107 S.Ct. 3054 (third emphasis added).
Although we also used “justiciability” language to decide a Feres issue in Fisher v. Peters, 249 F.3d 433, 445 (6th Cir.2001), justiciability analysis was not necessary to that decision and the court should be reluctant to perpetuate the usage if it is not necessary to do so. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 91, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Before Fisher, we treated Feres under Rule 12(b)(6), whether the plaintiff has stated a claim, rather than under Rule 12(b)(1), whether the court has subject-matter jurisdiction, Leistiko v. Stone, 134 F.3d 817, 819-20 (6th Cir.1998); Coffman v. Michigan, 120 F.3d 57, 58-59 (6th Cir. 1997), and after Fisher, we noted uncertainty surrounding whether the Feres doctrine was jurisdictional and declined to decide the issue, Lovely v. United States, 570 F.3d 778, 782 n. 2 (6th Cir.2009). Our sister circuits remain divided. See, e.g., Wright v. Park, 5 F.3d 586, 591 (1st Cir. 1993) (using justiciability language); NeSmith v. Fulton, 615 F.2d 196, 201 (5th Cir.1980) (treating Feres as a question of whether a claim was stated); Hupp v. U.S. Dep’t of the Army, 144 F.3d 1144, 1145-47 (8th Cir.1998) (stating that the district court had jurisdiction, but that the case was not justiciable under Feres); Stauber v. Cline, 837 F.2d 395, 398-99 (9th Cir. 1988) (treating the Feres doctrine as a limit on the court’s jurisdiction). Because the Supreme Court has never treated Feres and its progeny as jurisdictional, I would affirm the district court’s dismissal of this ease under Rule 12(b)(6) for failure to state a claim.
Affirmance based on Rule 12(b)(6) is appropriate even though the district *470 court’s ruling was based on Rule 12(b)(1) because the district court’s analysis did not turn on the application of Rule 12(b)(1) rather than Rule 12(b)(6). See Morrison, 130 S.Ct. at 2877-78 (citing Romero v. Int’l Terminal Operating Co., 358 U.S. 354, 359, 381-84, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)); Winnett v. Caterpillar, Inc., 553 F.3d 1000, 1007-08 (6th Cir.2009).
The district court’s consideration of documents outside the complaint also does not preclude affirmance under Rule 12(b)(6). When ruling on a Rule 12(b)(6) motion, courts consider the complaint as well as “documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.” Tellabs, Inc. v. Malcor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); see also J.P. Silverton Indus. L.P. v. Sohm, 243 Fed.Appx. 82, 86-87 (6th Cir.2007). In a Rule 12(b)(6) dismissal, the court may take judicial notice of Air Force Instruction 36-108 because it is “capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” Fed. R.Evid. 201(b). The court may also consider the fraud, waste, and abuse complaint because Bowers’ federal complaint refers to the fraud, waste, and abuse complaint, thereby incorporating it by reference.
Therefore, I would affirm the district court’s decision to dismiss Bowers’ complaint, but I would do so for failure to state a claim upon which relief can be granted.