*Moses v. St. Vincent's Special Needs Ctr.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

**James E. Moses, Jr.,**

> *Plaintiff-Appellant,*

> v.                                                      **22-914**

**St. Vincent's Special Needs Center,**

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**       James E. Moses, Jr., pro se, Bridgeport, CT.

**FOR DEFENDANT-APPELLEE:**       Sarah R. Skubas, Jessica L. Draper, Jackson Lewis P.C., Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant James E. Moses, Jr., proceeding pro se, appeals the district court's partial grant of summary judgment in favor of St. Vincent's Special Needs Center, his former employer, on his Title VII gender-discrimination claim and state-law defamation claim, and an adverse judgment entered after a two-day bench trial on his remaining Title VII retaliation claim. *See Moses v. St. Vincent's Special Needs Ctr.*, No. 3:17-cv-1936 (SRU), 2022 WL 972439 (D. Conn. Mar. 31, 2022); *Moses v. St. Vincent's Special Needs Ctr., Inc.*, No. 3:17-cv-1936 (SRU), 2021 WL 1123851 (D. Conn. Mar. 24, 2021). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Moses largely fails to address the grounds on which the district court ruled. Instead, he contends for the first time that the district court's decisions violated his First Amendment right to free speech. We thus deem most of Moses's challenges abandoned and do not consider the new issues he raises for the first time on appeal. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out 'identifiable arguments' in his principal brief." (citation omitted)); *Cruz v. Gomez*, 202 F.3d 593, 596 n.3 (2d Cir. 2000) ("When a litigant—including a *pro se* litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned."); *Baldwin v. U.S. Army*, 223 F.3d 100, 102 (2d Cir. 2000) ("It is well-established that an appellate court will not generally consider an issue raised for the first time on appeal.").

Moses's only preserved arguments are that the court erred by (1) not admitting the full audio recording of St. Vincent's Program Director Jezierny's testimony before the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which Moses claims would have shown that Jezierny

"intentionally and maliciously" made contradicting statements, and (2) ignoring his trial exhibits B1 and C.

These arguments are unavailing. First, the district court did allow Moses to introduce the part of a recording of Jezierny's CHRO testimony that showed Jezierny had contradicted herself. The court nevertheless found credible Jezierny's testimony at trial that the decision to terminate Moses was made two days before he complained about discrimination to his supervisor Frances Hernandez. In any event, we do not "second-guess the bench-trial court's credibility assessments." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). Moses does not explain how the full recording would have revealed new information or changed the district court's decision.

Second, Exhibit B1—a verification affidavit signed by Hernandez—fails to provide any evidence relevant to the district court's decision. Moreover, Exhibit C—Hernandez's notes from September 5 and 7—is consistent with Jezierny's testimony that Moses was not informed about the decision to terminate him until September 7, and was in fact addressed throughout the district court's decision.

We have considered all of Moses's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court